■ FIROOSE FARAHMAND, Appellant, v TOVA D. FARAHMAND, Respondent.—In a matrimonial action in which the parties had been awarded a dual divorce and the defendant wife had been awarded custody of the infant issue of the marriage, the plaintiff husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated March 6, 1979, as (a) denied his motion to change custody and (b) granted his motion for a downward modification of child support only to the extent of reducing the payments from $250 per week to $150 per week, (2) as limited by his brief, from so much of a second order of the same court, dated April 11, 1979, as denied his motion for reargument of the order of March 6, 1979, and (3) from a third order of the same court, dated April 3, 1979, which confirmed a Referee's report and ordered payment of an escrow fund in accordance with said Referee's determination. Appeal from order dated April 11, 1979 dismissed. No appeal lies from an order denying a motion for reargument. Order dated March 6, 1979 affirmed insofar as appealed from

and order dated April 3, 1979 affirmed. Defendant is awarded one bill of $50 costs and disbursements to cover all appeals. As to the order dated March 6, 1979, we find the downward modification of child support from $250 per week to $150 per week to be fair and adequate. Plaintiff's change of circumstances since the date of the divorce decree warrants a reduction in his support obligation only to that extent. The Referee's report was properly confirmed in the order dated April 3, 1979. We do not find that the contemplated vacatur of the judgment of divorce and entry of a judgment of separation were necessary conditions precedent to the efficacy of the entire stipulation entered into by the parties. As such, Special Term correctly gave effect to the provisions which called for the disposition of the escrow account to the defendant. We see no reason to overturn the findings of the Referee which were made following an impartial on-site hearing at the plaintiff's residence. (See *Ferguson v Ferguson,* 271 App Div 976.) In any event, had the agreement been declared a nullity, the provisions of the original decree of divorce would apply, said provisions calling for disposition of the money in question to the defendant. Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.